**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 30 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALAN MICHAEL CARMONA-CURIEL, | No. 16-73455 |
| Petitioner, | Agency No. A087-958-413 |
| v. | |
| MATTHEW G. WHITAKER, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 27, 2018**

Before:    CANBY, TASHIMA, and FRIEDLAND, Circuit Judges.

Alan Michael Carmona-Curiel, a native and citizen of Mexico, petitions pro

se for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's order denying his motion to reopen removal

proceedings conducted in absentia. Our jurisdiction is governed by 8 U.S.C.

§ 1252. We review for abuse of discretion the denial of a motion to reopen.

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\**    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Sembiring v. Gonzales*, 499 F.3d 981, 985 (9th Cir. 2007). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying Carmona-Curiel's motion to reopen based on lack of notice, where he was personally served a notice to appear, the notice of hearing was mailed to the last address he provided, and he did not provide sufficient evidence to rebut the presumption of effective service. *See* 8 U.S.C. § 1229a(b)(5)(A) (written notice sent to the last address provided by the alien is sufficient notice for purposes of conducting in absentia proceedings); *Sembiring* at 988-89 (identifying factors relevant to evaluating a petitioner's rebuttal of the presumption of effective delivery).

To the extent Carmona-Curiel contends he failed to appear at his hearing due to exceptional circumstances, we do not reach these contentions because our review is limited to the BIA's order. *See Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (review is limited to the actual grounds relied upon by the BIA)

To the extent Carmona-Curiel sought reopening to apply for relief, the agency did not abuse its discretion in denying the motion as untimely, where he filed the motion after the applicable filing deadline and did not show it was subject to any exceptions to the deadline. *See* 8 C.F.R. § 1003.23(b)(1), (4).

16-73455

To the extent Carmona-Curiel contends the agency should have reopened his case under its sua sponte authority, we lack jurisdiction to consider this contention. *See Bonilla v. Lynch*, 840 F.3d 575, 588-89 (9th Cir. 2016).

In light of this disposition, we do not reach Carmona-Curiel's remaining contentions regarding eligibility for relief.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**